1  Scott D. Cunningham (State Bar No.: 200413)
   Email: scunningham@condonlaw.com
2  Ivy L. Nowinski (State Bar No.: 268564)
   Email: inowinski@condonlaw.com
3  CONDON & FORSYTH LLP
   1901 Avenue of the Stars, Suite 850
4  Los Angeles, California 90067-6010
   Telephone: (310) 557-2030
5  Facsimile:  (310) 557-1299

6  Attorneys for Defendant
   AER LINGUS LIMITED
7
      - and -
8
   Ted Mechtenberg (State Bar No.: 219602)
9  Email: ted@mdmflaw.com
   Matthew Da Vega (State Bar No.: 195443)
10 Email: mdavega@mdmflaw.com
   DA VEGA | FISHER | MECHTENBERG LLP
11 1567 Spinnaker Dr.,  Suite 201
   Ventura, California 93001
12 Telephone: (805) 500-6878
   Facsimile: (877) 535-9358
13
   Attorneys for Plaintiff
14 ALEXANDER SCHUBEK

15               UNITED STATES DISTRICT COURT

16               EASTERN DISTRICT OF CALIFORNIA

17

18 ALEXANDER SCHUBEK,            ) Case No. 2:19-cv-01955-KJM-KJN
                                 )
19           Plaintiff,          ) **STIPULATED PROTECTIVE**
                                 ) **ORDER**
20     vs.                       )
                                 )
21 AER LINGUS LIMITED,           )
                                 )
22           Defendant.          )
                                 )
23                               )
                                 )
24                               )

25                    **STATEMENT OF GOOD CAUSE**

26         This lawsuit is plaintiff Alexander Schubek's ("Plaintiff") action to recover

27 damages for personal injuries allegedly sustained on December 16, 2018, while

28 traveling as a passenger on board an Aer Lingus Limited ("Aer Lingus") flight

---

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:19-cv-01955-KJM-KJN

1 from San Francisco to Dublin when an Aer Lingus cabin crew member allegedly
2 struck his left knee with a service cart. Plaintiff and Aer Lingus are collectively
3 referred to herein as "the Parties."
4     Plaintiff has propounded discovery to Aer Lingus seeking, among other
5 things, Aer Lingus's proprietary training manuals for cabin crew members and
6 internal policies and procedures for the operation of service carts. These
7 documents are confidential and proprietary materials which Aer Lingus has spent
8 significant time and resources in developing and they are not available to the
9 public.
10     The Parties are entering into the following stipulated protective order so that
11 Aer Lingus can disclose these documents and other confidential and proprietary
12 documents that may be requested in discovery to Plaintiff confidentially in
13 connection with this litigation.

## PROTECTIVE ORDER

15     Based upon the foregoing and based upon the stipulation of the Parties, and
16 good cause appearing, IT IS ORDERED as follows:
17     1. Any Party may designate items of discovery or other information
18 produced or disclosed to any other Party as confidential and subject to the terms of
19 this protective order, so long as any such designation is made in good faith. Items,
20 including documents, tangible things or information, may be designated as
21 confidential if a Party believes in good faith the information contains trade secrets,
22 personal information, competitively sensitive information, proprietary or otherwise
23 confidential information that may be the subject of a protective order under Rule
24 26 of the Federal Rules of Civil Procedure. All documents designated as
25 confidential under this Order shall be marked prior to production by placing the
26 legend **"CONFIDENTIAL"** on each page of the document. Except as otherwise
27 adjudicated by the Court, all items so marked, and all copies, prints, summaries, or
28 other reproductions of such information, shall be subject to this Order.

2. Unless otherwise directed by the Court or through prior written agreement of the Parties, and subject to the limitations of Paragraph 1 above, information and documents subject to this Order shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than as required for the preparation and trial of this action, including any appeals. Any copies, excerpts, summaries, analyses, or other disclosures of, or references to, the substance or contents of any information designated as confidential shall be protected to the same extent as the underlying information. Except as provided for below and in the paragraphs that follow, the Parties shall keep all confidential information and documents strictly confidential from all persons. The information and documents subject to this Order may be disclosed only to:

(a) The actual named Parties, in the case of individual (non-corporate) Parties in this action;

(b) In the case of corporate Parties in this action, officers, directors, insurers, in-house counsel and current and former employees of such corporations deemed reasonably necessary by counsel for the prosecution, defense, trial or appeal of this action, including employees and former employees of such Parties who testify as pretrial or trial witnesses in connection with this action;

(c) Counsel (and their staff) who represent the Parties in this action;

(d) Experts or consultants retained by counsel, whether or not they are expected to testify;

(e) The Court and court personnel for any purpose the Court finds necessary;

(f) Jurors and court personnel at trial of this case; and

(g) Stenographic and/or videographic personnel hired to record testimony.

3. Disclosures shall be made to such persons identified in Paragraph 2,

1  and such persons may review such disclosures, only as necessary for purposes of
2  litigating this action.  The persons identified in Paragraph 2 shall not otherwise
3  disseminate the information and documents subject to this Order, or the substance
4  of such information or documents.

5      4.    Counsel (and counsel's staff) for the receiving Parties will abide by,
6  and be bound by, the provisions of this Protective Order, and will use due care to
7  ensure that the provisions of the Protective Order are known and adhered to by
8  clients, all persons under counsel's supervision and/or control and any person, firm
9  or corporation who has been retained by counsel to act on the receiving Party's
10 behalf in connection with this litigation.

11     5.    With respect to deposition testimony and any document marked as an
12 exhibit thereto, the designation of confidentiality may be made on the record at the
13 time of the deposition, and the designated testimony shall be subject to the full
14 protection of this Order, unless challenged in accordance with the procedures of
15 Paragraph 14.  In the case of testimony not so designated during the course of a
16 deposition, counsel may so designate confidential testimony, within thirty (30)
17 days of the deposition testimony and/or exhibits which contain confidential
18 material, in which case the designated testimony and/or exhibits shall be subject to
19 the full protections of this Order.  Until the thirty (30) day period for notification
20 has elapsed, deposition transcripts in their entirety and all exhibits are to be
21 considered as confidential and proprietary and subject to the provisions of this
22 Protective Order.  If, prior to and/or during the course of a deposition, a witness
23 refuses to be bound by the terms of the Protective Order, the deposition shall be
24 adjourned until application can be made to the Court regarding the deposition.

25     6.    Each person given access to documents and information subject to this
26 Order, except those persons identified in paragraph 2(c), (e), and (f) above, must
27 acknowledge this Order and agree, in writing, to be bound by all its terms and
28 conditions.  This requirement must be satisfied by obtaining the signature of the

person or persons on a copy of the Agreement to Be Bound by Protective Order, attached as Exhibit "A" hereto.  By agreeing to be bound by this Order, each person consents to the jurisdiction of this Court over his or her person for any proceedings involving alleged improper disclosure of documents or information protected by this Order.  Each Party shall maintain the original signed written agreements and a verified list of all experts, consultants or persons to whom the information and documents or copies thereof were revealed.  The list of signatories shall not be revealed to any other person or persons except through court order, which shall only be granted upon a showing of good cause. The Parties agree that a prima facie showing of good cause may be established by evidence that a protected document has been disseminated or used contrary to the terms of this Order (e.g., is in the possession of one not bound by the terms of this Order) and that a reasonable basis exists to find that a particular individual or Party (or agents thereof) improperly used or disseminated the confidential information.  The Party that appears to have improperly disseminated the protected document or information shall be required to produce its list of signatories to the Agreement to Be Bound by Protective Confidentiality Order to the Party having claimed confidentiality.

7.    If a Party intends to submit to the Court a document marked as confidential either before or during trial, that Party or any other Party may request that such document be placed under seal.  If the Parties agree, such request shall be presented to the Court as a stipulated motion.  Otherwise, the request shall be presented to the Court as a contested motion.  Compelling reasons must be shown for the under seal filing.  The purpose of this provision is to avoid placing documents under seal unnecessarily.

8.    Neither this Order nor the designation of any item as confidential shall be construed as an admission that such document, information or testimony would be admissible in evidence in this litigation or in any other proceeding.  In addition, this Protective Order does not, of itself, require the production of any information

or documents; nor does the existence of this Order constitute an admission or finding that any material marked as confidential is entitled to protection under applicable law.

9. Nothing in this Order shall be deemed a waiver of any Party's right to: (a) oppose discovery on grounds other than that the same constitutes or contains confidential information, or (b) object on any ground to the admission in evidence, at the trial of this action, of any confidential information.

10. If any Party wishes to petition the Court to modify this Order or its application to certain documents or information, the Party shall follow all applicable Federal Rules of Civil Procedure and Local Rules in petitioning the Court for relief.

11. All Parties, within sixty (60) days of the final conclusion of all aspects of this litigation, or a dismissed Party within thirty (30) days of that Party's dismissal with prejudice prior to the final conclusion of all aspects of this litigation, shall:

(a) Provide to the Party's counsel that originally produced confidential information a copy of all Agreements executed pursuant to paragraph 6, above; and

(b) Retrieve all such confidential information, including all copies thereof and all documents identifying such confidential information, in that party's possession, custody or control, or in the possession, custody or control of all such persons to whom the confidential information was disseminated pursuant to paragraph 6, and either: 1) return all such confidential information to the Party's counsel that originally produced the confidential information (redacting any work product of the receiving counsel) at the producing counsel's business office or any subsequent address designated by that counsel, or 2) completely destroy all such confidential information; and

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:19-cv-01955-KJM-KJN
- 6 -

   (c) Upon written request, provide a declaration under the penalty of perjury stating that a good faith effort was made to retrieve all such confidential information received and/or disseminated, and that all such confidential information has been either returned or destroyed as indicated in subparagraph (a) and (b) above.

12. Up and until the commencement of trial, but not thereafter, the provisions of this Order relating to the confidentiality of protected documents and information shall remain in full force and effect and continue to be binding, except with respect to documents or information that are publicly available.  This Court retains jurisdiction over all persons provided access to confidential materials or information for enforcement of the provisions of this Order up and until trial is commenced, but not thereafter.

13. Nothing in this Order shall be deemed to preclude any Party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information.  Nor shall any provision of this Order be deemed to preclude any Party from challenging the validity of the confidentiality of any materials or information so designated.

14. If a Party elects to challenge the designation of confidentiality ("Challenging Party") of any document, information or testimony, the Challenging Party shall notify the Party who designated the challenged document ("Designating Party") as confidential of its challenge, in writing.  Once the challenge is raised, the Parties shall promptly confer and make reasonable and good faith efforts to resolve the disagreement without intervention by the Court.  If they are unable to resolve their differences in good faith within ten (10) days of receipt of the challenge, the Challenging Party shall request a ruling from the Court with respect to the confidential treatment of the information at issue within thirty (30) days of completion of the meet and confer efforts.  The Designating Party shall have the burden to prove that the challenged document, information or testimony is entitled

1 to protection under applicable law.  Until such time as the Parties' contentions
2 regarding the confidentiality of documents, information or testimony are fully and
3 finally adjudicated, all documents, testimony or other materials designated by
4 defendants as confidential shall retain their confidential status.  Nothing in this
5 agreement shall be deemed to alter, modify or reduce the burden on any party
6 asserting a privilege to make out all elements of the privilege claimed.

7      15.    It is recognized by the Parties to this Protective Order that documents
8 or testimony may be designated inadvertently or erroneously as confidential, or
9 that such a designation inadvertently or erroneously may be omitted with respect to
10 documents or information that are entitled to such protection.  Any Party to this
11 Protective Order may correct its designation or lack thereof within a reasonable
12 time and shall, at its own expense, furnish to all counsel copies of the documents
13 for which there is a change in designation.

14      16.    It is recognized by the Parties that documents or testimony stamped as
15 confidential may be inadvertently disclosed to third parties by a receiving Party.
16 Any receiving Party may correct this inadvertent disclosure without sanction by
17 immediately bringing it to the attention of the producing Party by letter to the
18 producing Party's counsel in which the third Party is identified by name and
19 address.  The receiving Party shall further provide an affidavit of counsel
20 confirming that to the best of his or her knowledge the documents and any copies
21 thereof were recovered from the third party.

22      17.    All documents or information produced by the Parties prior to the
23 entry of this Protective Order by the Court shall be subject to the provisions of this
24 Protective Order to the same extent as if such Protective Order had been entered by
25 the Court as of the date such documents or information were produced.  Producing
26 Parties shall have thirty (30) days from the date of entry of this Order to designate
27 already-produced materials as confidential.  However, documents or information
28 obtained through means other than discovery in this action shall not be subject to

this Protective Order.

18. In the event that any person identified in paragraph 2 above who has been provided access to confidential information produced in this action ("Person Served"): (a) is served with a subpoena in another action, or (b) is served with a demand in another action to which he or she is a party, or (c) is served with any other legal process by one not a Party to this litigation, seeking information that has been produced in this action by another Party and which is subject to this Protective Order, the Person Served shall give prompt written notice of such event to counsel of record for the Party that produced the information. Upon receipt of written notice, the Party which produced the information shall advise the Person Served of that Party's position with respect to the protected information. Thereafter, the Party which produced the information shall assume responsibility for prosecuting any objection to the discovery requests, subpoena or demand, and the Person Served shall cooperate to the extent necessary to preserve the confidentiality of the information. Should the person seeking access to information take action to enforce such discovery requests, subpoena, demand, or other legal process, the Person Served shall set forth in his response the existence of this Stipulated Protective Order. Nothing herein shall be construed as requiring the receiving Party to challenge or appeal any order requiring production of the information.

19. This Order shall not prejudice the Parties' rights or arguments regarding whether documents or information used at trial do or do not remain confidential. Such issues will be taken up as a separate matter upon motion of any Party.

20. It is understood by the Parties that this Stipulated Protective Order may be executed in one or more counterparts, each of which shall be deemed an original.

1 | Dated: April 6_, 2020             DA VEGA | FISHER  MECHTENBERG LLP

2

3                                                By:/s/ Ted Mechtenberg
                                                    TED MECHTENBERG
4                                                   MATTHEW DA VEGA
                                                    Attorneys for Plaintiff
5                                                   ALEXANDER SCHUBEK

6

7 ATTESTED that all other signatories listed, and on whose behalf this document is submitted, concur in its content and have authorized its filing:

10 | Dated: April _6 , 2020           CONDON & FORSYTH LLP

11

12                                                By: /s/ Ivy L. Nowinski
                                                    SCOTT D. CUNNINGHAM
13                                                  IVY L. NOWINSKI
                                                    Attorneys for Defendant
14                                                  AER LINGUS LIMITED

15

16

17 **IT IS SO ORDERED.**

18 Dated:  April 14, 2020

19

20 schu.1955                                      _____
                                                  KENDALL J. NEWMAN
21                                                UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:19-cv-01955-KJM-KJN            - 10 -

**APPROVED AS TO FORM:**

**EXHIBIT "A"**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, the undersigned, acknowledge that I will be receiving documents that have been designated confidential and subject to the terms of the Stipulated Protective Order entered in the above-captioned case.  I understand that such confidential material is to be provided to me pursuant to the terms and restrictions of the aforementioned Protective Order and acknowledge that I have been given a copy of and have read that Protective Order.  I understand that any use by me of documents or information designated confidential under the Stipulated Protective Order, or any portion or summaries thereof, in any manner contrary to the provisions of the Stipulated Protective Order, will subject me to the sanctions of the Court.  I hereby agree to be bound by all of its terms.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this ____ day of _____, _____.

_____
*Signature*

_____
*Printed Name*

_____
*Witness*

_____
*Printed Name*

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:19-cv-01955-KJM-KJN

- 11 -